## 53285. PERRY v. DUDLEY.

STOLZ, Judge.

The appellee brought suit against the appellant on open account. Attached to the appellee's complaint as Exhibits A and B were an invoice and a letter which was signed "B. A. Dudley — Design One, Inc." The appellant's answer admitted jurisdiction, but denied all other contentions. On October 9, 1975, the date set for the trial of the case, there was no appearance on the part of the appellant. After the appellee had presented his evidence before the judge, judgment was entered for the sum of the bottom line figures in Exhibits A and B.

The appellant subsequently filed a motion for new trial on general grounds, which was denied. Additionally, he filed a motion to vacate the judgment based upon the trial judge's failure to file findings of facts and conclusions of law. The judge responded to that motion by granting it and making findings of fact and conclusions of law on March 26, 1976, which were not filed until October 8, 1976. Attached to the appellant's motion to vacate was a motion to amend his answer and a proposed amendment

raising new defenses and a counterclaim. The trial judge never did make a ruling on the motion to amend.

1. In one of the appellant's enumerations of error, he contends that the appellee was not a real party in interest as to part of the amount claimed to be owing by the appellant because Exhibit B to the complaint suggests that the money was due Design One, Inc., instead of the appellee individually.

In discussing another enumeration of error, the appellant contends that the appellee's complaint "provides strong implication" that some of his claims against the appellant were double representations of a single amount owed, thus resulting in a double recovery.

Due to the appellant's request upon notice of appeal that no transcript of evidence be filed in the record on appeal, we are unable to consider these enumerations of error. *Walsey v. Lockhart,* 140 Ga. App. 348 (2) (231 SE2d 124) (1976); *Turner v. Watson,* 139 Ga. App. 648 (229 SE2d 126) (1976). Without a transcript of evidence, we have no knowledge of what evidence might have been presented at the trial in support of the appellee's claims. Therefore, we must accept the trial judge's findings that the appellee, pursuant to an agreement with the appellant, performed each of the services enumerated in Exhibits A and B for the reasonable value of $7,561. See *Craigmiles v. Craigmiles,* 237 Ga. 498 (228 SE2d 882) (1976).

2. The appellant seeks reversal of the judgment below because findings of fact and conclusions of law were not officially entered until almost a year after judgment was entered at the trial of the case. Although it was the legislative intent that findings of fact and conclusions of law be made prior to the rendition of the judgment, a trial judge does not necessarily commit reversible error in his failure to do so. *Jacobs Pharmacy Co. v. Richards & Assoc.,* 229 Ga. 156 (1) (189 SE2d 853) (1972). If a judge remembers the facts of a case sufficiently so as not to prejudice either party, the courts of this state have repeatedly allowed findings of facts and conclusions of law to be filed at dates significantly after judgment. Compare *Brown v. Brown,* 237 Ga. 201 (227 SE2d 360) (1976), and *Davis v. Embry,* 140 Ga. App. 181 (230 SE2d 314) (1976),

with *Bell v. Stocks,* 128 Ga. App. 799 (198 SE2d 209) (1973). In the case sub judice, there is no indication that the trial judge did not sufficiently remember the evidence presented at trial when he drafted the findings of fact and conclusions of law on March 26, 1976. In fact, based on the appellant's request that no transcript be filed in this court, we are led to believe that a transcript of the proceedings, with which the judge could have refreshed his recollection of the facts, might exist.

3. The appellant appears to argue that the trial judge abused his discretion in denying the appellant's motion for new trial and motion to vacate. The motion to vacate was granted, however, and we do not see any abuse of discretion in the judge's denial of the motion for new trial, which was based on general grounds.

4. The appellant enumerates as error the trial judge's failure to permit the appellant to amend his answer and enter a counterclaim. The appellant's motion was made after the trial of the case.

There is no showing in the record that the judge ever ruled on the appellant's motion, and we can assume that he denied it. Even if the trial judge had granted the appellant's belated motion to amend, however, such a decision would have had no effect on the outcome of the case. Under the "three-minute rule," Code Ann. § 24-3341, the appellant's failure to appear when the case was sounded for trial would have resulted in the striking of his counterclaim. See *McFarland v. State,* 134 Ga. App. 470 (214 SE2d 721) (1975); *Rakestraw v. Hamby,* 115 Ga. App. 868 (2) (156 SE2d 308) (1967). Under the relation-back provisions of CPA § 15 (c) (Code Ann. § 81A-115(c); Ga. L. 1966, pp. 609, 627, as amended), the appellant's amended answer would be considered to have been extant at the time of the trial. Thus, the amended answer, too, would be stricken under the "three-minute rule." We therefore find this enumeration of error to be without merit.

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

Argued January 11, 1977 — Decided February 28, 1977.

*LaSonde & Walker, Jack LaSonde, David Allman,* for appellant.

*J. Norwood Jones, Lewis N. Jones,* for appellee.