## 55257. PERRY v. DUDLEY.

SHULMAN, Judge.

This action began as a suit on account for services rendered to appellant by appellee. A judgment for appellee was affirmed by this court in *Perry v. Dudley,* 141 Ga. App. 455 (233 SE2d 847). Appellant then filed a motion to set aside the judgment, the denial of which is assigned as error in this appeal.

1. The motion to set aside was predicated on an alleged nonamendable defect on the face of the pleadings. Based apparently on the use of the words "plan," "design," and "redrawing" in an invoice and a letter attached as exhibits to appellee's complaint, appellant draws the conclusion that the services performed by appellee were architectural services within the meaning of Code Ann. § 84-301: "The practice of architecture within the meaning of this Chapter consists of rendering. . .service, hereinafter described, in connection with the design of any building. . . or the design of alterations or additions thereto. The services referred to hereinabove include consultation, planning, analyses, preliminary studies, designs, drawings and specifications, architectural administration of construction contracts and any other function in connection with such services. A 'building' for the purpose of this Chapter is any structure consisting of foundation, floors, walls, columns, girders, beams and roof or a combination of any number of these parts, with or without other parts or appurtenances."

Founded on that premise, appellant constructs a

cogent argument to the effect that appellee cannot enforce any contract for the rendering of such services because he is not licensed as an architect, and that appellee's complaint, showing the rendering of such services, contains a nonamendable defect. However, appellant's argument cannot stand because his basic premise is faulty.

The services listed on appellee's exhibits are described in language which is ambiguous. It is not clear that appellee was involved in the design of a building or an alteration thereto rather than making cosmetic changes in the internal appearance of an existing structure. Under these circumstances, the nature of the services rendered is a question for the finder of fact.

Since, contrary to appellant's contention, appellee's pleadings do not conclusively show that the services he rendered were architectural in nature, there is no nonamendable defect on the face of the pleadings. There was no error in denying appellant's motion to set aside the judgment.

2. Because we have found that the denial of appellant's motion to set aside was correct, it is unnecessary to discuss the remaining enumerations of error. Those enumerations deal with the trial court's findings in its order denying the motion. The findings were unnecessary to the ruling and harmless to appellant.

3. While the argument advanced by appellant, based as it was on a faulty premise, is singularly without merit, we are unable to conclude that the motive of appellant in bringing the appeal was solely to delay payment of this debt. The motion for damages under Code Ann. § 6-1801 is, therefore, denied.

*Judgment affirmed. Bell, C. J., and Birdsong, J., concur.*

ARGUED JANUARY 30, 1978—DECIDED APRIL 4, 1978 — REHEARING DENIED APRIL 25, 1978.

*Jack LaSonde,* for appellant.
*Jones & Clark, J. Norwood Jones, Lewis N. Jones,*

*Daniel L. Oliver,* for appellee.