## 59634. GROGINS v. THE STATE.

BIRDSONG, Judge.

Myrtis E. Grogins was convicted of welfare fraud and sentenced to serve two years. She enumerates three errors.

Ms. Grogins was tried jointly with her mother. Grogins was found guilty of illegally receiving aid for families with dependent children based upon the dependency of her minor child. Her mother, Mrs. Graze, was found not guilty of illegally receiving food stamps. The state established by records kept in the regular course of business, basically through two witnesses, that Grogins during the time in question received $1,187 in AFDC payments and $65.55 in Medicaid payments. These same two witnesses established through similar records that Mrs. Graze received $2,124 in food stamps. Records available to the Walker County Department of Family & Children Services indicated that during the period that welfare had been received, Grogins certified that she was not in receipt of income in excess of that permitted. Information came to the attention of the welfare agency that Mrs. Grogins had been employed by Dan River Mills. An inquiry was made by mail to that company and a named but otherwise unidentified person in the payroll department of Dan River forwarded what apparently is an extract of the company payroll pertaining to the appellant Grogins showing that she had earned income in excess of that allowed. A similar inquiry was made of the Georgia Department of Labor concerning unemployment benefits. An unidentified person forwarded information that Grogins had drawn 15 weeks of unemployment compensation of $63 per week during the period of welfare payments. When these sources of income came to the attention of the welfare agency, Ms. Grogins was questioned by a case worker as to the income. Grogins admitted that she had received the income and also that she had not reported it and that she knew she should have kept the agency informed. *Held:*

1. In her first enumeration of error, Grogins complains that the trial court erred in not severing her trial from that of her mother. In view of the action taken hereafter in Division 3, this enumeration is moot. However, we observe that the same witnesses were involved in both cases; that the same type of documents and testimony were required in both cases; and that the evidence could easily be separated by the jury. See *Padgett v. State,* 239 Ga. 556, 559 (238 SE2d 92).

2. In her third enumeration of error, Grogins asserts that the trial court erred in denying her a Jackson-Denno hearing prior to

admitting evidence of her (Grogins') admission to the case worker. We reject this contention. In the first place, the case worker was not a police officer or an agent of the state charged with law enforcement. The evidence indicates that the case worker was attempting to verify the existence of overpayments as well as any valid reason therefor. Thus, insofar as the case worker was concerned, Grogins was at most a potential criminal defendant. Where a possible criminal defendant has not been taken into custody or otherwise deprived of her freedom of action in any significant way at the time the answers were given by Grogins to the worker's initial inquiry, the custodial interrogation condemned by Miranda has not occurred. *Munsford v. State,* 235 Ga. 38, 41 (218 SE2d 792); *Neal v. State,* 152 Ga. App. 395, 399 (263 SE2d 185). Moreover, a Miranda warning had not been required because the case worker was not "a law enforcement officer." *R. W. v. State of Ga.,* 135 Ga. App. 668, 671 (2) (218 SE2d 674). This enumeration is without merit.

3. However, we find merit in Grogins' second enumeration of error. In a factually similar case arising in the same jurisdiction, this court has held the mere fact that documents were kept in the regular course of business by the Walker County Department of Family & Children Services did not of itself qualify those documents where they originated wholly in some other business or agency. This is true because the authenticity of the information in those documents could in nowise be furnished by the fact that it was the regular course of business of the welfare agency to obtain such information and keep that information in its files. The issue to be resolved in this case was whether Grogins received income from sources in addition to welfare payments. The fact that the welfare agency took certain action after being advised that wages or unemployment compensation had been received, cannot establish the authenticity of the payment of wages or unemployment compensation nor the amount of such income. Unless the necessary proof is given that the letter, transcript or memorandum furnishing the basic information was made in the regular course of business of Dan River Mills or the Georgia Department of Labor, the documents were not admissible to prove the truth of the matters contained therein. *Moore v. State,* 154 Ga. App. 535 (1980). In the absence of admissible evidence of the amount of income, the state did not establish an overpayment. We must conclude, therefore, that the admission of these documents was prejudicial to the substantial rights possessed by Ms. Grogins, and requires reversal of the judgment of conviction.

*Judgment reversed. Deen, C. J., and Sognier, J., concur.*

608

Submitted March 6, 1980 — Decided May 13, 1980 —

Jon Bolling Wood, for appellant.
William M. Campbell, District Attorney, James A. Meaney, Assistant District Attorney, for appellee.