## 61503. BROWN v. CAPITOL FISH COMPANY.

POPE, Judge.

Appellee filed this action against appellant Stephen A. Brown seeking to recover $88,433.75 under a contract between the parties entitled "Personal Guarantee of Credit." After hearing testimony without the intervention of a jury, the trial court entered an order stating its findings of fact and concluded that appellee was entitled to recover $88,066.63. Appellant brings this appeal and enumerates as error the trial court's consideration of parol evidence in construing the contract, the court's finding that the wording of the contract included amounts outstanding and owed at the time the contract was executed, and in the alternative, the court's failure to apply the rule of stricti juris to the parol evidence used to determine the intent of the parties as to the contract.

The record shows that appellant was the owner of two Atlanta restaurants. On September 14, 1979 the parties entered into the subject agreement which provided in part that appellant "personally and unconditionally guarantee the payment of any indebtedness which may from the above date at any time and from time to time be owing [appellee] by the [two restaurants]." The issue presented by this case was whether, as a result of the foregoing language of the contract, appellant guaranteed the payment to appellee of the restaurants' indebtedness outstanding at the time the contract was executed. In this regard see *Dudley v. Reconstruction Fin. Corp.,* 188 Ga. 91 (2 SE2d 907) (1939).

"The errors enumerated require a transcript of the trial for a determination of their merits. The transcript of the trial not having been filed and transmitted to this court, there is no question

presented by this appeal upon which this court can pass." *Dunaway v. Beam,* 129 Ga. App. 220, 221 (199 SE2d 395) (1973). "Without a transcript of evidence, we have no knowledge of what evidence might have been presented at the trial in support of the appellee's claims. Therefore, we must accept the trial judge's findings that the ['construction of the personal guarantee, insofar as it related to obligations for past debts, is that the parties intended to cover the past debts.'] See *Craigmiles v. Craigmiles,* 237 Ga. 498 (228 SE2d 882) (1976)." *Perry v. Dudley,* 141 Ga. App. 455, 456 (233 SE2d 849) (1977). Accord, *Powell v. Holloway,* 243 Ga. 247 (254 SE2d 380) (1979); *Rich v. Piland,* 153 Ga. App. 253 (265 SE2d 290) (1980); *Mays v. Safeway Fin. Co.,* 139 Ga. App. 229 (228 SE2d 319) (1976).

*Judgment affirmed. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED JUNE 24, 1981.

*Penelope W. Rumsey, Eugene Novy,* for appellant.
*Milton N. Bronson, Bentley C. Adams III,* for appellee.