64009. IBIETATORREMENDIA et al. v. THE STATE.

CARLEY, Judge.

Ibietatorremendia and his co-defendant, Larry Charles Dubrule, were convicted of armed robbery by a jury. Following the denial of their motion for new trial, they bring the instant appeal.

1. It is urged that the trial court erred in allowing the in-court identification of appellant Ibietatorremendia by a witness for the state. No objection was made to the admission of this testimony when it was offered into evidence at trial. While it does appear from the record that the admissibility of this testimony was raised in the form of a pre-trial motion to suppress (see *State v. Johnston,* 249 Ga. 413 (3) (291 SE2d 543) (1982)) and that, after a hearing on the merits, the motion was denied, no transcript of the evidence adduced at such hearing is before this court. Absent such transcript, we have no knowledge of what evidence was presented in support of appellant's contention that the testimony was inadmissible. "Therefore, we must assume that the rulings of the trial court judge were correct." *Mays v. Safeway Fin. Co.,* 139 Ga. App. 229 (228 SE2d 319) (1976). See *Brown v. Capitol Fish Co.,* 159 Ga. App. 45 (282 SE2d 694) (1981); *Ewing v. State,* 147 Ga. App. 546 (249 SE2d 696) (1978).

2. In related enumerations of error, it is asserted that the trial court erred in failing to quash the indictment. Appellants have failed to demonstrate the record existence of a motion to quash and a diligent search of the record has failed to reveal such a motion. In the trial court, appellants apparently relied upon the motion to suppress evidence as the procedural vehicle by which to obtain the quashing of the indictment. As discussed in Division 1 of this opinion, we are unable to ascertain what evidence was presented at the suppression hearing. Moreover, a motion to suppress is a procedural device for obtaining an evidentiary ruling on the admissibility of allegedly illegally seized evidence. Code Ann. § 27-313. It is not a proper method of attacking the validity of an indictment.

3. Appellants' argument that the trial court erroneously overruled their motion for new trial merely incorporates arguments advanced in support of the enumerations of error decided adversely to appellants in Divisions 1 and 2 of this opinion. For this reason, we

need not separately address this issue.

*Judgment affirmed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED SEPTEMBER 9, 1982.

*Herschel B. Herrington,* for appellants.
*Glenn Thomas, Jr., District Attorney, Jerry W. Caldwell, Assistant District Attorney,* for appellee.