## 73138. BANTHER v. THE STATE.
(355 SE2d 709)

BENHAM, Judge.

This appeal is from appellant's conviction of child molestation. The victim was his stepdaughter.

1. In his first enumeration of error, appellant asserts that the trial court erred in admitting the testimony of a caseworker from the Department of Family and Children Services regarding admissions made by appellant during an interview with the caseworker. The ground on which appellant contends the testimony should have been excluded is that appellant was not informed prior to the interview of his rights under *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

This issue is controlled adversely to appellant by *Grogins v. State*, 154 Ga. App. 606 (2) (269 SE2d 98) (1980): "In the first place, the caseworker was not a police officer or an agent of the state charged with law enforcement. The evidence indicates that the caseworker was attempting to [determine whether appellant's stepdaughter should be placed in foster care]. Thus, insofar as the caseworker was concerned, [appellant] was at most a potential criminal defendant. Where a possible criminal defendant has not been taken into custody or otherwise deprived of [his] freedom of action in any significant way at the time the answers were given by [appellant] to the worker's initial inquiry, the custodial interrogation condemned by *Miranda* has not occurred. [Cits.] Moreover, a *Miranda* warning had not been required because the caseworker was not 'a law enforce-

ment officer.' [Cit.]" There is no evidence in the record to show that appellant's presence at the interview was not voluntary or that he was in any significant way deprived of his freedom of action. A deputy sheriff present at the interview testified that appellant was not in custody, that he was free to leave at any time, and that he did leave at the conclusion of the interview. We do not find persuasive appellant's argument that the presence of a uniformed sheriff's deputy during the interview requires the conclusion that appellant was in custody. The deputy did not conduct the interview, did not ask any questions, and was present at the request of the caseworker, who testified that she asked the deputy to stay for her protection. Under those circumstances, we find the presence of the officer to be without significance. The first enumeration of error is without merit.

2. Appellant's second enumeration is directed at the admission of the same testimony with which the first enumeration was concerned. The alternative basis for exclusion of the testimony was the State's failure to provide appellant with a copy of the statement to which the caseworker testified. OCGA § 17-7-210, the statute under which appellant made a timely demand for production of statements, applies only when the statement is given while in custody. *Webb v. State*, 179 Ga. App. 101 (2) (345 SE2d 648) (1986); *Yeargin v. State*, 164 Ga. App. 835 (6) (298 SE2d 606) (1982). As noted in Division 1, there is no evidence that appellant was in custody when the statement was given. Contrary to appellant's assertion, the trial court did not rule that appellant was in custody: the judge agreed that the statement would be inadmissible if made while in custody and not produced, then told defense counsel that he was construing the evidence concerning appellant being in custody and overruling the motion to exclude the testimony. That constitutes a ruling that appellant was *not* in custody, not that he was. Since appellant was not in custody when the statement was made, the State's failure to produce it did not make the testimony inadmissible.

3. Appellant's last two enumerations of error are directed to the trial court's denial of appellant's motion for a directed verdict of acquittal. The grounds asserted in support of the motion were that the evidence did not show that acts of molestation occurred within four years prior to the return of the indictment and that the evidence did not show that any acts of molestation occurred in Walker County during the four years prior to the return of the indictment. We do not find those grounds meritorious. The evidence showed that the victim had lived in the same home in Walker County for about six years prior to the return of the indictment, that appellant had fondled her breasts and vaginal area on several occasions, that the molestation had occurred in their home, and that at least one such incident occurred within a year prior to the return of the indictment. That being

so, we find no error in the trial court's denial of appellant's motion for a directed verdict of acquittal. *Peavy v. State*, 179 Ga. App. 397 (346 SE2d 584) (1986).

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED MARCH 12, 1987 —
REHEARING DENIED MARCH 27, 1987 — 

*Christopher A. Townley*, for appellant.
*David L. Lomenick, Jr., District Attorney, Susan R. Sarratt, Assistant District Attorney*, for appellee.