A90A0885, A90A0886. GLEAN v. THE STATE (two cases).
(397 SE2d 459)

SOGNIER, Judge.

Jan Glean was convicted of theft by shoplifting of an item valued at $13.99, a misdemeanor under OCGA § 16-8-14 (b) (1), and filed a notice of appeal on October 12, 1989, with direction that the transcript be included in the record on appeal. That appeal is before this court as Case No. A90A0886. On December 1, 1989 the trial court denied Glean's November 15, 1989 motion for a continuance for filing the trial transcript, and Glean appeals from that order in Case No. A90A0885.

1. The State moves to dismiss Case No. A90A0885 on the bases either that the order appealed from is not a final judgment or that this appeal falls within the ambit of the discretionary review procedures in OCGA § 5-6-35. We do not agree with either argument. This appeal clearly does not fall within any of the categories set forth in subsection (a) of OCGA § 5-6-35. And " 'even though an order does not specify that it is a grant of final judgment, it nevertheless constitutes a final judgment within the meaning of (OCGA § 5-6-34 (a) (1)) where it leaves no issues remaining to be resolved, constitutes the court's final ruling on the merits of the [issue], and leaves the parties with no further recourse in the trial court. (Cit.)' [Cit.]" *Vurgess v. State of Ga.*, 187 Ga. App. 700-701 (1) (371 SE2d 191) (1988). The State's motion is accordingly denied.

2. Appellant contends the trial court erred by denying her motion by which she sought to extend the time to file the transcript she had requested. The trial court found that from October 12, 1989, the date the notice of appeal was filed, to December 1, 1989, the date of its order, there was no evidence appellant had requested a transcript from the trial reporter, and further found that the medical condition of appellant's counsel, which was the asserted excuse for the delay, did not justify extending the statutory period for requesting an extension of time to file the transcript. Although appellant's counsel states in his affidavit that he was not advised that the transcript "was not being prepared in the time allot[t]ed," nothing in the affidavits filed by appellant or elsewhere in the record indicates appellant or her counsel ever requested a transcript or an extension of time for filing. The record thus supports the trial court's finding, and we find no abuse of the trial court's discretion in denying the motion for an extension of time to file the transcript. See generally *Curtis v. State*, 168 Ga. App. 235, 237-238 (308 SE2d 599) (1983). We note that no motion was made pursuant to OCGA § 5-6-48 (c), and the trial court never considered dismissing appellant's appeal based on the failure to timely file the transcript.

3. " 'In the absence of a transcript, we cannot consider enumera-

tions of error based on the evidence or proceedings at trial. (Cit.)' [Cit.]" *Dean v. State*, 188 Ga. App. 128 (1) (372 SE2d 286) (1988). Therefore, we will not consider appellant's enumerations 3, 5, 6, and 7.

4. Appellant contends the trial court erred by denying her motion to suppress and motion in limine. The trial court found that a sales clerk at The Body Shop, a mall clothing store in Athens, placed several items of clothing, all on hangers, in a fitting room for appellant. Appellant ultimately purchased a pair of slacks and left the store. The store clerk then discovered that an empty hanger had been hidden among the items not purchased by appellant. The sales clerk alerted the store manager. After a search of the mall, appellant was seen. The Body Shop's manager approached appellant and asked her to return to the store to discuss the missing item. Appellant agreed and later gave the sales clerk permission to search the bag containing her purchase from The Body Shop. In another store's bag the sales clerk found a tank top, the property of The Body Shop, which had been wrapped in the shirt appellant had been wearing when shopping at The Body Shop. The trial court found that appellant "explained that she had not paid for the tank top and 'didn't mean to do it.' [Appellant] said 'let me go and I will pay for it.'" The sales clerk denied appellant's request, asked appellant to accompany her to the back of the store, and sent another store employee to contact the mall security officer and the Clarke County Police Department.

We find no error in the trial court's ruling on appellant's motions as to any of the matters enumerated by appellant. Since the warnings required under *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966) are required only when a *law enforcement officer* initiates questioning of an individual who has been taken into custody or otherwise significantly deprived of his freedom, id. at 444, we cannot agree with appellant that the sales clerk of The Body Shop was required to inform appellant of her *Miranda* rights before questioning her. See *Grogins v. State*, 154 Ga. App. 606, 607 (2) (269 SE2d 98) (1980); *R. W. v. State of Ga.*, 135 Ga. App. 668, 670-671 (2) (218 SE2d 674) (1975). Furthermore, in the absence of a transcript of the hearing we must presume that the rulings of the trial court were correct, see generally *Ibietatorremendia v. State*, 163 Ga. App. 399 (1) (294 SE2d 646) (1982), and therefore, in view of the finding that appellant consented to the search conducted by the sales clerk, we find no merit in appellant's argument that the evidence uncovered by the search should have been suppressed. We have carefully reviewed appellant's remaining arguments on this matter and find them to be without merit.

*Judgments affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 5, 1990 —
REHEARING DENIED SEPTEMBER 24, 1990 —

*Michael A. Glean,* for appellant.
*Ken Stula, Solicitor, Kip Shepherd, Assistant Solicitor,* for appellee.