## A00A1176. MOSS v. THE STATE.

(535 SE2d 292)

McMURRAY, Senior Appellate Judge.

Defendant was convicted of two counts of aggravated child molestation and one count of child molestation involving his wife's natural daughter at a Henry County bench trial in the superior court where the relevant facts were stipulated. Thereafter, the superior court sentenced defendant to ten years to serve on each count consecutively. Defendant now appeals, contending in a single enumeration of error that the superior court erred in denying his motion to suppress in that the confession he gave the Henry County Department of Family & Children Services ("DFACS") was involuntary as given upon hope of benefit under *State v. Ritter*.[1] *Held*:

Viewed in a light most favorable to the findings of the superior court, the evidence shows that in April 1998 defendant's mother contacted her health insurer seeking a referral to a psychologist for her son upon learning of the allegations against him in the case sub judice. She was advised that a specialist would be needed and that entitlement to coverage required DFACS notification. On this, defendant's mother contacted DFACS, spoke to Brandy Beavers, a caseworker, and asked if charges would be brought if defendant came in and made a statement. Defendant's mother testified at the suppression hearing that caseworker Beavers responded, "No, [DFACS] will not press charges. A member of the family would have to press charges." Defendant's mother, in turn, relayed the foregoing to the defendant. In other testimony at the suppression hearing, DFACS caseworker Juanita Creech testified that after receiving a report alleging child molestation against the defendant, she contacted defendant's mother and his wife and asked that the defendant come in to make a statement, pointing out that the police would be involved. Defendant's mother testified that caseworker Creech's words were: "We cooperate with law enforcement and there will be a detective present when we interview [the defendant]."

Defendant testified that he drove himself to the DFACS interview and that upon arriving he was introduced to caseworker Creech and two Henry County police detectives, Detectives Jason Bolton and

---

[1] 268 Ga. 108, 110 (1) (485 SE2d 492).

[W]hile deceit may not on its own render a statement inadmissible (where not calculated to procure an untrue statement), we hold that in looking to the totality of the circumstances, see *Reinhardt v. State*, 263 Ga. 113, 115 (3) (b) (428 SE2d 333) (1993), the employment of deceit may result in the inadmissibility of a statement in those situations where the particular deception used, by constituting a "slightest hope of benefit or remotest fear of injury" under OCGA § 24-3-50, has induced a party to confess, thereby rendering the confession involuntary.

Id.

Robbie Johnston. The defendant further testified that he knew that Detectives Bolton and Johnston were law enforcement officers; that neither officer threatened or coerced him to give a statement; that neither officer promised him anything for his statement; that he first gave his statement orally in the room where he was interviewed and then reduced his statement to writing privately in another room; and that after doing so, he exited the DFACS building and went to work. Detective Bolton's testimony established that the interview took about 15 minutes; that, apart from being emotionally upset, defendant was not under the influence, giving his statement in a knowing, coherent manner; and that defendant would have been free to terminate the interview and leave at any time.

In ruling on the motion to suppress, the superior court found that there had been no custodial interrogation requiring that defendant be given Miranda[2] warnings and that, in the totality of the circumstances, defendant had voluntarily given his statement, no hope of benefit having been offered him for it by DFACS personnel or the police. We agree.

> When reviewing the decision of the trial court on a motion to suppress, the evidence is construed most favorably to uphold the court's findings and judgment. If there is any evidence to support the trial court's findings on disputed facts and credibility, they will not be disturbed unless clearly erroneous.[3]

Defendant challenges the findings of the superior court only insofar as the court found his confession voluntary as not the product of hope of benefit extended by DFACS or the police.[4] However, the record reflects that neither the police nor DFACS offered the defendant anything in exchange for his testimony. In this regard, defendant gave the statement he complains of immediately after Detective Bolton asked him, "Would you like to tell us how this all started or began[?]" Further, although the evidence shows that caseworkers Beavers and Creech told defendant's mother that DFACS would not press charges in the event that defendant gave DFACS a statement, this was a proper statement in that as a child welfare agency, DFACS is required by law not to press charges upon a report of child abuse but to give immediate notice thereof to the appropriate police

[2] Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694).
[3] (Citation omitted.) Downey v. State, 241 Ga. App. 821, 823 (527 SE2d 909).
[4] There is no claim to this effect. Even were there such a claim the presence of police at a DFACS interview does not compel the conclusion that defendant was in custody. Banther v. State, 182 Ga. App. 333, 334 (1) (355 SE2d 709).

authority or district attorney.[5] Moreover, that defendant and his mother understood that the police would be present at the time defendant was interviewed may not reasonably be construed as an offer of benefit for defendant's statement. If anything, the presence of the police served only to underscore the potential for disposition in the criminal justice system upon the admission of a serious felony, namely all that has occurred in the case sub judice.

*Judgment affirmed. Pope, P. J., and Miller, J., concur.*

DECIDED MAY 31, 2000 

*Lee Sexton*, for appellant.

*Tommy K. Floyd, District Attorney, James L. Wright III, Blair D. Mahaffey, Assistant District Attorneys*, for appellee.

---

[5] OCGA § 19-7-5 (e) provides:

If a report of child abuse is made to the child welfare agency or independently discovered by the agency, and the agency has reasonable cause to believe such report is true or the report contains any allegation or evidence of child abuse, then the agency shall immediately notify the appropriate police authority or district attorney.