**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER and RAY, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**May 16, 2013**

# In the Court of Appeals of Georgia

A13A0804. MARTIN v. THE STATE.

RAY, Judge.

After a jury trial, Ronnie David Martin was convicted of criminal trespass (OCGA § 16-7-21), theft by taking motor vehicle (OCGA § 16-8-2), and felony theft by taking (OCGA § 16-8-2). Martin appeals from the conviction and judgment, arguing that the trial court erred in granting the State's motion in limine to exclude his post-detention statements to an investigator as self-serving hearsay. Finding no error, we affirm.

The evidence that most strongly supports the verdicts was as follows: Deputy Nix of the Hall County Sheriff's department pulled over a white Ford Ranger truck because it was driving at a very slow speed and because the truck's rear end was riding suspiciously low and was swaying from side to side. He testified that the truck

bed was "overflowing" with metal tools, including several three-foot augers sitting on the top of the pile. When Deputy Nix approached the car, Kevin Williamson was driving the truck and Martin was seated atop a 50-pound bag of sugar in the passenger's seat, and Martin was surrounded by a laptop, computer equipment, and electrical tools. Because Williamson and Nix could not provide credible answers as to how they came to possess the truck or its contents or where they were going, and because the driver was sweating and seemed very nervous, Deputy Nix detained and handcuffed the men.

Although the truck had no visible logos, the tag of the truck came back as being registered to Coleman Natural Foods, a Gainesville business. Employees of Coleman Natural Foods testified that the truck and its contents belonged to the company and had been stolen from the company's warehouse earlier that evening. At the time of his arrest, Williamson, the driver, told investigators that Martin had helped him load the truck. However, at trial, Williamson denied that he had made this statement. Martin did not testify at trial. Trial testimony further showed that the truck contained at least six augers weighing between 175 and 300 pounds each, and that it would be almost impossible for a single man to load them into a truck.

This evidence was sufficient to authorize a rational finder of fact to find Martin guilty of criminal trespass, theft by taking motor vehicle, and felony theft by taking beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Martin's sole enumeration of error is that the trial court erred in granting the State's motion in limine seeking to exclude the audio recording of his post-detention statement as self-serving hearsay. Finding no error, we affirm.

Investigator Jeremy Grindle questioned both men at the time of their roadside detention. Martin gave a recorded statement to Investigator Grindle, and prior to trial, the State filed a motion in limine to exclude this post-detention statement as self-serving hearsay unless Martin testified in his own defense. In a hearing prior to the introduction of evidence at trial, the trial court listened to the audio recording of this statement and granted the State's motion. The Supreme Court of Georgia has held that "[s]elf-serving declarations . . . are inadmissible hearsay unless the declarant testifies

3

and is subject to cross-examination."[1] (Citation omitted.) *Parker v. State*, 276 Ga. 598, 598 (2) (581 SE2d 7) (2003).

On appeal, Martin enumerates this evidentiary ruling as error, arguing that the statement was not self-serving because in the statement "he admits that he was going to help Williamson unload the stolen truck." However, although the trial court listened to the recorded statement prior to the introduction of evidence at trial, neither the recording nor a transcript of the statement were admitted into the record as evidence. It is well-settled that appellant bears the burden of showing any alleged error affirmatively by the record. *Hollis v. State*, 201 Ga. App. 224, 224 (1) (411 SE2d 48) (1991). "The brief cannot serve in the place of the record or the transcript for the purpose of demonstrating error or for supporting a claim of error." (Citations omitted.) *Lowery v. Horn*, 147 Ga. App. 880 (251 SE2d 840) (1978). Accordingly, in the absence of the audio recording of the statement in the record or a transcript of

---

[1] We note that this statement of law is based on the law of evidence as it existed before the enactment of the new Georgia Evidence Code. See Ga. Laws 2011, Act 52, § 101 ("This Act shall become effective January 1, 2013, and shall apply to any motion made or hearing or trial commenced on or after such date."). Because Martin's trial occurred prior to January 1, 2013, we apply the law of evidence as it existed prior to the enactment of the new Georgia Evidence Code.

such, this Court must presume as a matter of law that the trial court's evidentiary findings were correct. See *Arnold v. State*, 305 Ga. App. 45, 48 (2) (699 SE2d 77) (2010). Accord *Glean v. State*, 197 Ga. App. 34, 35 (4) (397 SE2d 459) (1990).

*Judgment affirmed. Barnes, P. J., and Miller, J., concur.*