## 58106. SIMMONS v. THE STATE.

SMITH, Judge.

Appellant was found guilty of two counts of armed robbery, the jury necessarily rejecting his defense based on misidentification and alibi. Appellant asserts that both constitutional and non-constitutional error was committed by the trial court. We reject appellant's assertions and affirm the conviction.

1. The trial court denied appellant's Brady motion requesting (1) production of all material favorable or arguably favorable to appellant's defense, (2) an in camera inspection of the state's file by the trial court, and (3) copies of all items reviewed by the court being sealed and placed with the clerk. It did not err in doing so. Appellant made no showing at trial, and makes none on appeal, that the state has any exculpatory material in its possession. "The appellant has the burden of showing how his case has been materially prejudiced, even when the trial court declines to make an in camera inspection. See United States v. Harris, 458 F2d 670, 677 (5th Cir., 1972)." *Hicks v. State,* 232 Ga. 393, 396 (207 SE2d 30) (1974); *Street v. State,*

237 Ga. 307, 316 (227 SE2d 750) (1976). Unsubstantiated assertions of "inconsistencies" in the state's case do not satisfy appellant's burden. "There is no Georgia statute nor rule of practice which requires the district attorney to open his files to the attorney for the accused, nor is the accused entitled as a matter of right to receive copies of police reports and investigation reports made in the course of preparing the case against the client . . ." *Henderson v. State,* 227 Ga. 68, 77 (179 SE2d 76) (1970).

2. Appellant asserts that the trial court erred in admitting evidence of another armed robbery, allegedly committed by appellant, which was not included in the indictment. We disagree. In the instant case, the similarity between the independent crime and the offenses charged is such that proof of the former tends to establish the plan and scheme of the latter. "Once the identity of the accused as the perpetrator of the offense separate and distinct from the one for which he is on trial has been proven, testimony concerning the independent crime may be admitted for the purpose of showing identity, motive, plan, scheme, bent of mind, and course of conduct." *Hamilton v. State,* 239 Ga. 72, 75 (235 SE2d 515) (1977). Under the circumstances, the trial court did not err in admitting evidence of an armed robbery committed by the defendant which was not set forth in the indictment. The relevency of this evidence in this case clearly outweighed its prejudicial effect. See *Prater v. State,* 148 Ga. App. 831, 832 (253 SE2d 223) (1978).

3. Appellant contends that the trial court erred in excluding affidavits submitted by appellant for the purpose of establishing an alibi. This contention is without merit. "Upon the trial of a criminal case upon the issue of guilty or not guilty, ex parte affidavits are not admissible either for or against the accused." *Smith v. State,* 147 Ga. 689 (95 SE 281) (1918); *Freeman v. State,* 233 Ga. 745, 747 (213 SE2d 643) (1975).

4. The remaining enumerations are without merit.

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

SUBMITTED JULY 9, 1979 — DECIDED DECEMBER 3, 1979 —

*J. Dunham McAllister, John A. Nuckolls,* for appellant.

*Robert E. Keller, District Attorney, James W. Bradley, Assistant District Attorney,* for appellee.