## 61518. SPEIGHT v. THE STATE.

McMurray, Presiding Judge.

Defendant was indicted, tried and convicted of violation of the Georgia Controlled Substances Act (unlawful possession of more than one ounce of marijuana). Defendant appeals. *Held:*

1. Defendant objected to the admission into evidence of the certified registration of the 1977 Mercury automobile which showed her as owner of the vehicle. Defendant's objection is stated in terms of a lack of qualifying evidence and failure to show that the document was made in the regular course of business. See in this regard *Stewart v. State,* 246 Ga. 70, 73-74 (3) (268 SE2d 906); *Grogins v. State,* 154 Ga. App. 606, 607 (3) (269 SE2d 98); Code Ann. § 38-711 (Ga. L. 1952, p. 177). The document in question was a Minnesota registration certified by a duly appointed agent of the Commissioner of the Minnesota Department of Public Safety, Driver and Vehicle Services in charge of motor vehicle records. The document was properly admitted under the provisions of Code Ann. § 38-630 (b) (Ga. L. 1973, pp. 299, 301) with reference to proof of nonjudicial books and records of other states. See 28 USCA § 1739.

Defendant contends that the trial court erred in failing to grant her motion for directed verdict that the evidence at trial failed to establish her possession of marijuana. Defendant argues that the state has merely shown the presence of contraband in a vehicle which she occupied and that there is no evidence of her possession of the marijuana beyond her proximity with the contraband. Defendant acknowledges, however, the general rule that where immediate and exclusive possession of an automobile is shown an inference is authorized that the owner of the vehicle is the owner of what is contained therein. Defendant relies upon the exception in *Farmer v. State,* 152 Ga. App. 792, 795 (264 SE2d 235), that such an inference does not arise where the defendant has not been in possession of the vehicle for the period of time prior to the discovery of the contraband or where it is shown that others have access to it. See also *Moore v. State,* 155 Ga. App. 149, 150-151 (1) (270 SE2d 339); *Autry v. State,* 150 Ga. App. 584, 586 (258 SE2d 268); *Bradley v. State,* 137 Ga. App. 670, 671 (1) (224 SE2d 778); *Person v. State,* 155 Ga. App. 106, 107 (270 SE2d 319); *Elrod v. State,* 128 Ga. App. 250, 251 (1) (196 SE2d 360).

There is no evidence as to anyone other than defendant having such access to the vehicle as to enable them to place over 160 pounds of marijuana in the trunk of the vehicle without the defendant's knowledge and consent. There is some evidence that defendant's companion may have been driving the vehicle at the time of the

collision. However, as to defendant's companion, the arresting sheriff testified to a conversation with defendant during which she inquired as to why her companion was charged with possession of marijuana. The sheriff told her it was because she (the defendant) had told him the marijuana was not hers (defendant's), at which point the defendant told the sheriff, "He [her companion] didn't know anything about it. He was just along for the ride."

The sheriff also testified to overhearing another conversation of defendant when she was allowed to make a telephone call. The arresting sheriff remained nearby to make sure she made her call collect. During this conversation the sheriff overheard defendant say, "I got caught with this s—t [expletive]." The arresting sheriff's testimony as to statements made by defendant when considered together with her ownership of the vehicle and lack of evidence of access by another of such a nature as would allow them to place the contraband in the trunk of the vehicle without defendant's knowledge and consent are sufficient proof of defendant's possession of the contents of the trunk of the vehicle beyond a reasonable doubt.

After a careful review of the entire record and transcript we find that a rational trier of fact could reasonably have found from the evidence adduced at trial proof of guilt of the defendant beyond a reasonable doubt of the offense of violation of the Georgia Controlled Substances Act (unlawful possession of more than one ounce of marijuana). See *Driggers v. State,* 244 Ga. 160, 161 (1) (259 SE2d 133); *Moses v. State,* 245 Ga. 180, 181 (1) (263 SE2d 916); *Sanders v. State,* 246 Ga. 42 (1) (268 SE2d 628); *Jones v. State,* 154 Ga. App. 806, 807 (1) (270 SE2d 201). The trial court did not err in refusing to grant defendant's motion for directed verdict.

2. Defendant contends that the trial court erred in failing to grant her motion to suppress relating to a warrantless search conducted of her automobile. The state's evidence on the motion to suppress hearing was that the sheriff of Turner County received an anonymous telephone tip that a 1977 silver gray Mercury automobile which had been involved in a collision would shortly be towed through Ashburn, Turner County, Georgia, and that the vehicle was loaded with "junk." The sheriff personally established a lookout and eventually spotted the described vehicle which was attached to a tow truck parked at a gas station in Ashburn. The sheriff drove by within 2 feet of the parked vehicle and saw that the rear of the car was heavily damaged as from a collision and that due to the damage to the car, including the buckling of the metal of the rear of the car and the trunk lid, there was a hole through which he could see torn plastic garbage bags with a green leafy substance protruding ("sprigs just sticking out"). This green leafy substance appeared to the sheriff, in

the light of his law enforcement experience, to be marijuana. The sheriff, after asking defendant if she was lost and receiving a negative response, withdrew and radioed for assistance. After additional law enforcement officers had gathered, the tow truck and its cargo, which was then under way, was stopped, and the driver of the tow truck, defendant and a companion of defendant were taken into custody. The trunk was opened and found to contain 7 garbage bags containing a total of approximately 163 pounds of a green leafy substance.

At the time the sheriff first saw the suspected marijuana protruding from the damaged trunk of the 1977 Mercury there had been no conduct by any law enforcement personnel which amounted to an intrusion to the defendant's reasonable expectation of privacy. Compare Coolidge v. New Hampshire, 403 U. S. 443, 464 (91 SC 2022, 29 LE2d 564), where four criteria authorizing a plain view search are discussed. But the case sub judice does not involve the "plain view doctrine" insofar as that concept involves the premise of an initial intrusion. It is the initial intrusion which gives rise to the requirement of satisfying these four criteria. See Coolidge v. New Hampshire, 403 U. S. 443, 466, supra. The sheriff's conduct in driving past the suspect vehicle in the parking lot of a gas station open to the public did not amount to intrusion of defendant's reasonable expectation of privacy. The sheriff had a right to be where he was when he saw the suspected marijuana in the trunk of the car and this information provided probable cause for search of the vehicle. As the Mercury was still being towed after having been towed for many miles from Forsyth, Georgia, to Ashburn, Georgia, and thus remained mobile despite its damaged condition from the collision, its mobility supplied the exigent circumstances which authorized search of the vehicle without a warrant. Carroll v. United States, 267 U. S. 132 (45 SC 280, 69 LE 543); Chambers v. Maroney, 399 U. S. 42 (90 SC 1975, 26 LE2d 419).

At the motion to suppress hearing and at all subsequent stages of the case sub judice, the defendant has questioned the credibility of the sheriff as to whether he actually saw any marijuana in plain sight prior to stopping the vehicle and opening the trunk. Defendant draws attention to the testimony of the wrecker driver, an Ashburn police officer, and a state trooper, all of whom had been in close proximity to the vehicle and testified that they never saw any marijuana prior to the trunk being opened.

It should be noted that the sheriff, in pursuing the anonymous telephone tip, was the only person who approached the vehicle specifically looking for some telltale signs of criminal activity while the wrecker driver was innocently employed to tow the vehicle. The

Ashburn police officer was called to the scene after the sheriff had determined that probable cause and exigent circumstances existed so as to authorize an immediate search of the vehicle. The state trooper had investigated the motor vehicle collision at Forsyth, Georgia, in which defendant's vehicle was damaged. Neither of the three supposedly contradictory witnesses gave any testimony as having specifically examined the vehicle for telltale signs of marijuana at the same time that the sheriff was doing so. This question of credibility is one of fact for the trial court to determine on the motion to suppress hearing and for the jury at trial. It is noted that during the hearing of her motion to suppress defendant admitted she knew the marijuana was in the automobile trunk and at the scene of the collision at Forsyth, Georgia, she took measures to secrete the presence of the marijuana "[b]ecause I didn't want anybody to see it."

3. Defendant contends that the testimony of the Ashburn police officer that he did not see any marijuana in plain sight was exculpatory and should have been disclosed to the defendant pursuant to Brady v. Maryland, 373 U. S. 83 (83 SC 1194, 10 LE2d 215). The police officer was called as a rebuttal witness on the motion to suppress hearing and this supposedly exculpatory evidence was elicited on cross examination at that hearing. This supposedly exculpatory evidence, although providing no support to the state's case, also fails to refute it. Defendant has failed to show that the state has withheld any exculpatory material in its possession. See *Simmons v. State,* 152 Ga. App. 643 (1) (263 SE2d 522). Even if the police officer's testimony is viewed as exculpatory, the defendant has failed to carry her burden of showing that a denial of this information so impaired her defense that she was denied a fair trial. See *Howard v. State,* 144 Ga. App. 208, 211 (4) (240 SE2d 908).

4. While the green leafy substance found in the trunk of defendant's automobile was in the custody of the sheriff and prior to any samples having been taken for chemical analysis, the materials were first stored in a cell in the jail and later transferred to a padlocked building located a few feet away from the jail. At approximately 2:30 a.m. on November 9, 1979, the storage building was broken into and 4 of the 7 bags of a green leafy substance were taken. It was not until that afternoon that the theft of the 4 bags of material was discovered. The stolen bags of material were subsequently recovered and the perpetrator testified at trial that he had not bothered the 3 bags of material which had been left behind. The 4 bags of material which had been stolen, upon recovery, were marked to differentiate them, and evidence as to the nature of the contents of those bags was not permitted into evidence. Moreover, the trial court instructed the jury to disregard all evidence pertaining

to any marijuana which the jury found was stolen and to disabuse their minds of any evidence pertaining to any alleged marijuana which was the subject matter of any burglary. The defendant submits that the chain of custody as to the 3 bags which were left behind was broken and argues in support of this contention that the door of the evidence building lay open to anyone during the period between the theft and the discovery thereof, a period of some 12 hours.

The standard by which the chain of custody must be reviewed is that "it must be shown with reasonable certainty that there has been no alteration or substitution of the item. And, in such a case the test of reasonable certainty is not met where there is missing a vital link in the chain of possession of the item. See, 29 AmJur2d 844, Evidence, § 774; Robinson v. Commonwealth, 212 Va. 136 (183 SE2d 179). Factors to be considered in making a determination of whether physical objects connected with commission of a crime are substantially in the same condition as when the crime was committed, so that they can be admitted into evidence, . . . [are] . . . the nature of the article, circumstances surrounding its preservation and custody, and the likelihood of intermeddlers tampering with it. If upon consideration of such factors the trial judge is satisfied that in reasonable probability, the article has not been changed in important respects, he may permit its introduction into evidence." *Epps v. State,* 134 Ga. App. 429, 433 (214 SE2d 703).

Although the precautions taken by the law enforcement officials to preserve and protect the evidence from tampering were compromised to some degree, it remains very unlikely that an intermeddler altered the remaining evidence. The hypothesis that the remaining 3 bags of evidence were altered requires the acceptance of a theory that some intermeddler obtained knowledge of the accessibility to the remaining 3 bags of evidence, made possible due to the breaking open of the storage building during the theft, then took 60 pounds or more of marijuana, packaged it in similar garbage bags to those in which the legitimate evidence existed and then made a switch. It is most unlikely that someone would have the knowledge, motive and resources to accomplish all of this. This, of course, is no more than to acknowledge that as the quantity of such seized materials increases the likelihood and practicality of any effective tampering decreases due to the scale of the project. We find no abuse of discretion in the trial court's determination that the reasonable probability existed that the remaining 3 bags of evidence had not been changed in any important respect. The trial court did not err in admitting evidence testimony as to the nature of the contents of the 3 bags of evidence left behind in the storage building after the theft.

5. Defendant contends that the trial court erred in failing to

grant her motion to dismiss based on the state's intentional destruction of physical evidence. Defendant argues that she was denied her due process rights when the alleged marijuana and the garbage bags in which it was contained were destroyed pursuant to an ex parte order of the trial court.

As to the green leafy substance contained in the garbage bags a sample of about 2 1/2 pounds was taken from each bag of material prior to the destruction of the remainder. As these samples were tested and found to be marijuana by the State Crime Laboratory it is obvious that the destruction of this contraband cannot be viewed as the suppression of any evidence favorable to the accused. Compare Brady v. Maryland, 373 U. S. 83, supra. Nor is the best evidence rule applicable to this situation. *Willingham v. State,* 134 Ga. App. 603, 606 (3) (215 SE2d 521).

As to the garbage bags in which the marijuana was contained, defendant argues that the bags themselves would have refuted the arresting sheriff's testimony that the bags were torn so as to allow portions of the green leafy substance to be seen by the sheriff as he passed near the defendant's vehicle prior to the arrest. As stated above, the best evidence rule is inapplicable to these circumstances so that the primary issue presented by this contention is whether defendant's due process rights have been violated. We note that the destruction of the bags and their contents did not occur until several months after the date of the motion to suppress hearing so that the bags were available at that date if in fact defendant had the desire to present such evidence. Photographs of the bags were presented in evidence at the trial. Those photographs were sufficient to demonstrate to the jury the condition of the bags insofar as whether they were torn. We find that the defendant has failed to show how her case has been prejudiced by the destruction of the bags. This enumeration of error is without merit.

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

DECIDED MAY 20, 1981 —
REHEARING DENIED JUNE 19, 1981

*James K. Jenkins, John Oliver Ellis, Jr., J. M. Raffauf,* for appellant.

*Thomas H. Pittman, District Attorney, Curtis M. French, Assistant District Attorney,* for appellee.