## 61900. EVANS v. THE STATE.

SOGNIER, Judge.

This is a companion case to *Jones v. State,* 159 Ga. App. 704 (1981). Evans was convicted of burglary, as were his co-defendants, and on appeal enumerates seven errors. However, appellant has presented no argument as to Enumerations 2, 4, 5 and 6, as "[a] mere statement of what occurred during the trial, and the contentions of the appellant, does not constitute an argument in support of such contentions . . ." *O'Kelley v. Hayes,* 132 Ga. App. 134 (1) (b) (207 SE2d 641) (1974). Accord, *Whitby v. Maloy,* 150 Ga. App. 575, 576 (1) (258 SE2d 181) (1979). Accordingly, pursuant to Court of Appeals Rule 15 (c) (2) (Code Ann. § 24-3615 (c) (2)) we will not consider those enumerations. *O'Kelley,* supra.

1. Enumerations 1 and 3 deal with the testimony of Jerry Dean Evans, the wife of appellant, who was given a grant of immunity to testify as a state witness in this case. Appellant contends it was error to refuse his counsel's request to examine Jerry Dean Evans outside the presence of the jury to determine if she was going to testify as to privileged communications. Appellant contends that requiring him to object to any privileged communications in the presence of the jury would give the jury the impression he had something to hide and, thus, would be prejudicial. This issue has been decided adversely to appellant. *Downs v. State,* 145 Ga. App. 588, 592 (2) (244 SE2d 113) (1978).

2. Appellant contends it was error to allow the prosecuting attorney to question Jerry Dean Evans in the presence of the jury about whether she knew she did not have to testify against her husband, and if she wished to waive her right not to so testify. Appellant contends such a procedure served no useful purpose since the trial court had already determined these matters outside the presence of the jury. Appellant relies on *Broome v. State,* 141 Ga. App. 538 (233 SE2d 883) (1977), and *Colson v. State,* 138 Ga. App. 366 (226 SE2d 154) (1976). However, in both those cases, the defendant's wife was called as a state witness and required, in the presence of the jury, to state her election *not* to testify against her husband. Further, in *Colson,* the trial court refused to allow the defense counsel to object to such a procedure and it was on this basis, together with requiring the wife to state she would *not* testify, that the case was reversed. Thus, the facts in the instant case are inapposite to those in *Broome* and *Colson,* and appellant's reliance on those cases is misplaced. Appellant's contention that by this "maneuver" the prosecuting attorney was attempting to bolster the testimony of Mrs. Evans is mere speculation. Even assuming, without deciding, that the

procedure complained of was error, we consider any error harmless under the "highly probable test" set forth by the Supreme Court in *Johnson v. State,* 238 Ga. 59, 61 (230 SE2d 869) (1976), i.e., "that it is 'highly probable that the error did not contribute to the judgment.' [Cit.]"

3. Lastly, appellant complains of improper comments by the prosecuting attorney in closing argument. The same error was alleged in *Jones,* supra, and decided adversely to appellants' contention. For the same reasons set forth in that opinion, the enumeration is without merit.

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 16, 1981.

*George L. Hoyt,* for appellant.
*Glenn Thomas, Jr., District Attorney, John Johnson III, Assistant District Attorney,* for appellee.