## 66399. SPURLIN v. THE STATE.

SHULMAN, Chief Judge.

Appellant was convicted of possession of cocaine with intent to distribute (Count 1) and possession of less than an ounce of marijuana (Count 2). Appellant bases his appeal on the general grounds and on the contention that the testimony of the state's main witness was uncorroborated by any other evidence.

The evidence at trial revealed that on April 22, 1982, the Albany police set up a stakeout outside the motel room of Silas Graham, whom they suspected of dealing in drugs. Soon afterward, appellant and Gary Williams arrived by automobile and entered Graham's room. The two men, accompanied by Graham, emerged from the room and as they attempted to drive away, the detectives moved their unmarked cars into position to block the trio's exit. Appellant, who was driving, and Graham, who was in the front passenger seat, put their hands on the dashboard in compliance with the officer's demand. The arresting officer testified that as he approached the stopped vehicle he observed Williams, who was in the right rear seat, shove something underneath the floormat. The officer obtained appellant's permission to search his car and as a result of this search

found a hand-rolled cigarette, subsequently identified as marijuana, in the console between the front seats, and a bag containing a white powdery substance under the right rear floormat. The marijuana was in a packet of cigarettes that also contained appellant's driver's license.

Appellant, who worked as an advisor at Turner Job Corps in Albany, testified that one of his students had requested him to give the student's friend (Graham) a ride to the Job Corps campus. He added that, before he picked up Graham, Williams called and requested a ride with appellant because Williams' car wasn't running. Appellant agreed but informed Williams that they had to go to the motel to pick up a friend of one of his students. Both appellant and Williams testified that they had neither seen nor talked to Graham before the day of their arrest.

At trial, the student substantially concurred with appellant's recitation of the facts. However, Silas Graham pled guilty to the charges against him and agreed to testify against Williams and appellant, who were tried together. Graham claimed that the student introduced him to appellant, who agreed to set up a drug deal for Graham. He testified further that appellant and Williams had come by Graham's motel room the night before their arrest to obtain a sample of the cocaine appellant was allegedly assisting Graham to sell. Graham said that the cocaine found in appellant's car was the sample he had given appellant the previous night.

Williams was only charged with possession of cocaine with intent to distribute and was subsequently acquitted of that offense. Appellant was convicted of both counts charged against him.

1. Although enumerating it as error, appellant fails to argue in his brief his assertion that Graham's testimony was uncorroborated by any other evidence. " '[A] mere statement of what occurred during the trial, and the contentions of the appellant, does not constitute an argument in support of such contentions. . .' [Cits.]" *Evans v. State,* 159 Ga. App. 706 (285 SE2d 47). Accordingly, pursuant to Court of Appeals Rule 15 (c) (2), we will not consider this enumeration.

2. Appellant argues that the evidence was insufficient to sustain his conviction in either Count 1 or 2.

"As defendant was the driver and the owner of the automobile, in the absence of any circumstances to the contrary, the drugs found in the automobile are presumed to be his and to be in his possession. [Cits.]" *Moore v. State,* 155 Ga. App. 149, 150 (270 SE2d 339). "[S]uch an inference does not arise where the defendant has not been in possession of the vehicle for the period of time prior to the discovery of the contraband or where it is shown that others have access to it. [Cits.]" *Speight v. State,* 159 Ga. App. 5 (282 SE2d 651).

See also *Farmer v. State,* 152 Ga. App. 792, 795 (246 SE2d 235). Whether the evidence presented by the defendant was sufficient to rebut this presumption is a question for the jury to decide. *Moore v. State,* supra. Apparently, in the present case, the jury, as they were legally authorized to do, found that the presumption had not been overcome by appellant since the exceptions enumerated in *Speight* were either inapplicable or insufficiently substantiated by the evidence. "It is the function of the jury to determine the credibility of the witnesses, including that of the defendant. The jurors must weigh and resolve any conflicts presented by the evidence. The appellate court must view the evidence in the light most favorable to the jury's verdict. [Cit.]" *King v. State,* 157 Ga. App. 733, 734 (278 SE2d 491).

After a careful review of the record and trial transcript, we find that the evidence presented at trial, although conflicting, was sufficient for a rational trier of fact to find appellant guilty beyond a reasonable doubt of both charges brought against him. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). *Moore v. State,* supra.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 14, 1983.

*Jerry W. Brimberry,* for appellant.
*Hobart M. Hind, District Attorney, Britt R. Priddy, Assistant District Attorney,* for appellee.