70037. THOMAS v. THE STATE.
(331 SE2d 627)

SOGNIER, Judge.

Appellant was convicted on two counts of violation of the Georgia Controlled Substances Act by selling cocaine.

1. Appellant contends the trial court erred by denying his motion to sever the offenses for trial. He argues that because the two offenses were separate and did not arise from the same conduct, they should be tried separately. The offenses in this case involved two sales of cocaine to an undercover agent with the GBI, one sale occurring on August 3, 1984 and the second sale occurring on August 15, 1984. Both sales took place in appellant's home.

"[W]here the joinder [of offenses] is based upon the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan, severance 'lies within the sound discretion of the trial judge since the facts in each case are likely to be unique.' [Cits.] In determining whether severance is necessary to achieve a fair determination of defendant's guilt or innocence of each offense, the 'court should consider whether in view of the number of offenses charged and the complexity of the evidence to be offered, the trier of fact will be able to distinguish the evidence and apply the law intelligently as to each offense.' [Cit.]" *Coats v. State*, 234 Ga. 659, 662 (4) (217 SE2d 260) (1975); *Fluellen v. State*, 163 Ga. App. 425 (2) (294 SE2d 653) (1982). Although the two sales here do not constitute the same conduct, they were a series of acts connected together constituting a scheme or plan to sell cocaine. There was nothing complex about the evidence; in fact, appellant made a written confession to the two sales of cocaine. Under such circumstances we find no abuse

of discretion by the trial court in denying appellant's motion to sever.

2. Appellant contends error by admitting his written confession into evidence.

At a *Jackson-Denno* hearing (*Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908)) a GBI agent, W. P. Stone, Jr., testified that he interviewed appellant after his arrest. Stone advised appellant fully of his *Miranda* rights (*Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694)) and appellant signed a form waiving his rights. Appellant did not request counsel and talked to Stone and GBI agent Roper freely and voluntarily. No threats or coercion were used to obtain the statement, nor were any offers of leniency made to appellant to obtain the statement. Although appellant testified that Stone said it would make his sentence lighter if he told the agents who his supplier was, both Stone and Roper denied making any such promises of leniency to appellant.

Factual and credibility determinations as to the voluntariness of a confession are normally made at a suppression hearing and must be accepted by appellate courts unless such determinations are clearly erroneous. *Griswold v. State*, 159 Ga. App. 22, 23 (2) (282 SE2d 679) (1981). We find no error here.

3. Lastly, appellant contends the trial court erred by denying his motion for supersedeas bond. This court acted previously on this enumeration of error and denied appellant's motion for supersedeas bond by order dated January 7, 1985. Our order was based upon findings by the trial judge after a hearing on appellant's motion for supersedeas bond that there was a substantial danger that appellant would flee, as he was facing a 20-year prison sentence and a large fine; that there was a substantial danger that appellant would pose a danger to others, as the informant was so fearful for his life that he threatened to leave the State and had to be incarcerated as a material witness to insure his presence at trial; and that there was a substantial risk that appellant would intimidate other witnesses, as the tires were slashed on the personal automobile of a GBI undercover agent involved in this case. Thus, appellant did not meet the requirements for release set forth in *Birge v. State*, 238 Ga. 88 (230 SE2d 895) (1976), and the trial court did not err in denying appellant's motion for supersedeas bond.

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

DECIDED MAY 14, 1985.

*Samuel D. Ozburn*, for appellant.
*John M. Ott, District Attorney, Eugene M. Benton, Assistant*

*District Attorney*, for appellee.