## 71344. COLSSON v. THE STATE.
### (341 SE2d 318)

SOGNIER, Judge.

Colsson appeals his conviction of a violation of the Georgia Controlled Substances Act by possession with intent to distribute methamphetamine, and operating a motor vehicle after being declared an habitual violator and having received notice that his driver's license had been revoked.

1. Appellant contends the evidence is not sufficient to support the verdict. The evidence disclosed that appellant was stopped by Alfred Sloan, a Snellville, Georgia police officer, after he observed appellant driving a 1965 Chevrolet pickup truck with a license plate issued for a 1979 Mazda passenger car. Appellant did not have a driver's license or insurance card, and after learning that appellant was an habitual violator Sloan arrested him. After appellant was stopped but prior to his arrest appellant got a title and tag receipt out of the glove compartment of the pickup purporting to show that he was the owner of the truck. Because appellant had no driver's license, Sloan checked the title and learned that the pickup truck was registered to an individual in Atlanta, Georgia; and Holly Livingston, a passenger in the truck, had no driver's license, Sloan impounded the truck. Sloan and Detective Hall inventoried the items in the vehicle pursuant to police department policy and found a pill bottle with residue in it and four ziploc bags containing a powdery substance in the glove compartment. They found another ziploc bag containing suspected cocaine; a loaded .45 caliber pistol; a body bug detector; and $4,820 in cash in the truck. The substance in the bags was analyzed at the State Crime Laboratory and was found to be methamphetamine, a controlled substance.

Appellant argues that the State did not prove that he had actual or constructive possession of the controlled substance, or that no one other than appellant had access to the vehicle. He also contends there was no proof that he intended to distribute the methamphetamine.

Since appellant was the driver and purported owner of the truck, in the absence of any evidence to the contrary the drugs found in the truck are presumed to be his and in his possession. *Spurlin v. State*, 168 Ga. App. 16, 17 (2) (308 SE2d 39) (1983). With the exception of appellant's passenger, there was no evidence that others had equal access to the area where the drugs were found, and police at the scene had Livingston under observation at all times; she did not touch the glove compartment. Since the methamphetamine was not in an open, notorious and equally accessible area, the equal access rule does not apply. *Manbeck v. State*, 165 Ga. App. 625, 626 (3) (302 SE2d 361) (1983).

Intent is a question for the jury, OCGA § 16-2-6, *Schwerdtferger*

*v. State*, 167 Ga. App. 19, 20 (1) (305 SE2d 834) (1983). In addition to finding several bags of methamphetamine, appellant had a loaded pistol, a body bug detector and a large amount of cash in the truck. Under such circumstances, the jury's finding of intent was authorized.

We find the evidence sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Accordingly, it was not error to deny appellant's motion for a directed verdict of acquittal, which he enumerated as error in a separate enumeration. *Humphrey v. State*, 252 Ga. 525, 527 (1) (314 SE2d 436) (1984).

2. Appellant contends it was error to deny his motion to suppress the evidence because the police were not justified in impounding his vehicle, which led to the inventory of his vehicle. Appellant argues that because his vehicle was parked on private property and his passenger could have contacted someone to remove and secure the vehicle had she been given an opportunity to do so, there was no reason to impound the truck. We do not agree.

Neither appellant nor his girl friend had a valid driver's license, and the title appellant gave the police showed that the truck was registered to Harvey Fedderman in Atlanta. Such evidence indicated that the vehicle might be stolen, and under such circumstances we find that the police were fully justified in impounding the vehicle. See *Mooney v. State*, 243 Ga. 373 (1) (254 SE2d 337) (1979). The police testified that it is the policy of the Snellville police to inventory a vehicle at the time it is impounded, and Sloan stated he also inventoried the truck for his own protection. The police were authorized to conduct the inventory both for their own protection against claims for lost or stolen property, and for protection of appellant's property. *South Dakota v. Opperman*, 428 U. S. 364 (96 SC 3092, 49 LE2d 1000). Accordingly, it was not error to deny appellant's motion to suppress the evidence.

3. Appellant contends error in denial of his motion to sever the charges, relying on *Head v. State*, 253 Ga. 429, 431-432 (a) (1) (322 SE2d 228) (1984). *Head* dealt with the issue of charging a person with armed robbery and possession of a firearm by a convicted felon, and held that if the charge of possession of a firearm by a convicted felon is unrelated to another count for which the appellant is to be tried, the trial judge, on motion, shall undertake to place the defendant on trial for both charges, but shall bifurcate the proceedings so the jury shall hear the more serious charge without being aware of the possession charge, which necessitated the introduction of evidence of previous convictions. Here, evidence that appellant was an habitual violator was the evidence supporting his arrest and which led to inventory of his vehicle, and thus, was clearly related to the more serious charge. Further, to establish that appellant was an habitual violator

only requires proof that appellant was operating a motor vehicle after receiving notice that his license had been revoked as an habitual violator without having obtained a valid driver's license after such revocation. This is far different than introducing evidence of prior convictions, as was necessary in *Head*, supra. Thus, the rule set forth in *Head* is not applicable to the facts of this case.

Where several offenses arising from the same conduct are known to the prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution, except the court, in the interest of justice, may order that one or more of such charges be tried separately. OCGA § 16-1-7 (b) and (c). Since evidence of the reason for appellant's arrest (habitual violator) would of necessity be presented in connection with the charge of possession of a controlled substance with intent to distribute, we find no abuse of discretion in denying appellant's motion for severance of the two charges. See *Fowler v. State*, 155 Ga. App. 76, 77 (270 SE2d 297) (1980).

4. Appellant contends the trial judge erred by improperly commenting on the evidence. Appellant objected to the introduction of the contraband on the ground that a proper chain of custody had not been established. In overruling the objection the court stated: "The burden is on the State to show with reasonable certainty that there has been no tampering with the evidence, and the Court finds that the State has carried that burden. So S-3 is admitted over objection." Appellant contends this remark asserted, in the presence of the jury, that the State had proven a chain of custody and the evidence had not been tampered with, thus invading the province of the jury.

During the course of the trial it is error for a judge to express his opinion as to what has or has not been proved. OCGA § 17-8-57. "However, remarks of a judge assigning a reason for his ruling are neither an expression of opinion nor a comment on the evidence." *Johnson v. State*, 246 Ga. 126, 128 (V) (269 SE2d 18) (1980); *Goode v. State*, 171 Ga. App. 901, 902 (321 SE2d 410) (1984). Hence, the trial court's statement was not error.

5. Appellant's enumeration of error relating to failure of proof of intent has been decided adversely to his contention in Division 1.

*Judgment affirmed. Birdsong, P. J., concurs. Carley, J., concurs in Divisions 1, 2, 3 and 5 and in the judgment.*

DECIDED FEBRUARY 17, 1986.

*David R. Rogers*, for appellant.
*W. Bryant Huff, District Attorney, Alex G. Smith, Assistant*

*District Attorney,* for appellee.