72328. MOORE v. THE STATE.
(347 SE2d 318)

SOGNIER, Judge.

Appellant was convicted of a violation of the Georgia Controlled Substances Act by selling Lysergic Acid Diethylamide (LSD) and he appeals.

1. Appellant contends the trial court erred by denying his motion for a continuance, thereby denying him due process and his right to a fair trial. Appellant argues that he was denied his right to obtain witnesses, denied discovery and thus, was deprived of the effective assistance of counsel.

In regard to discovery, appellant was furnished a copy of the indictment, a list of State witnesses, a copy of appellant's statement to police, a copy of the laboratory report, and the address of Earl Seames, a person traveling with appellant when both men were taken into custody at the Columbus, Georgia, airport. A copy of appellant's statement and the laboratory report were furnished to him fifteen days prior to trial, which meets the requirements of OCGA § 17-7-211 that such documents be provided, upon timely request, at least ten days prior to trial. Thus, appellant's contentions as to these items is not supported by the transcript, and this court cannot consider factual representations in a brief which do not appear in the record. Chamlee v. State, 166 Ga. App. 696, 697 (2) (305 SE2d 369) (1983).

Appellant argues that he was not furnished statements of witnesses; however, Georgia law does not provide that the statements of witnesses be generally available for discovery by the defendant in a criminal case. Roberts v. State, 243 Ga. 604, 605 (1) (255 SE2d 689) (1979).

Appellant also argues that his counsel did not have sufficient time to prepare for trial. The transcript of the hearing on appellant's motion for a continuance reflects that appellant's lead counsel commenced preparation for this case as early as August 12, 1985; trial commenced on October 30, 1985. This is an uncomplicated case with the State presenting only three witnesses. Hence, the trial judge did

not abuse his discretion in denying appellant's motion for a continuance on this ground, appellant and his counsel having had more than two and a half months to prepare for trial. *Heard v. State*, 135 Ga. App. 685, 686 (2) (218 SE2d 866) (1975).

Finally, appellant contends a continuance should have been granted to allow him time to interview Earl Seames. As pointed out above, appellant's counsel was retained more than two and a half months prior to trial, and the State gave appellant's counsel Seames' last known address. Appellant did not meet the requirements of OCGA § 17-8-25 in regard to the absence of Seames; hence, the trial court did not abuse its discretion in denying appellant's motion for a continuance on this ground. *Alderman v. State*, 241 Ga. 496, 503 (2) (246 SE2d 642) (1978).

A motion for continuance is addressed to the sound discretion of the trial judge and such discretion will not be disturbed absent a manifest abuse of discretion. Id. For the reasons set forth above, we find no abuse of discretion here.

2. Appellant contends the trial court erred by allowing his statement into evidence. At a *Jackson-Denno* hearing on the voluntariness of appellant's in-custody statement, evidence was presented that appellant was advised of his *Miranda* rights when he was taken into custody at the airport. No questions were asked of appellant at that time and he was transported to the sheriff's office, where he was again advised of his rights. Appellant would not waive his rights so he was not asked any questions. However, appellant stated voluntarily that an individual named James supplied the LSD to appellant, but he did not know how to get in touch with James. Appellant stated that the LSD was always given to him in sheets of 1,000, and he did not know how much money he was to receive for the 2,000 "hits" delivered to Columbus.

A spontaneous in-custody statement is admissible. *Allums v. State*, 161 Ga. App. 842, 846 (5) (288 SE2d 783) (1982). Appellant contends, however, that the Federal drug agent who advised him of his rights told appellant that if he would cooperate they (the agents) would help appellant. The agent denied this, testifying that the only thing he told appellant was that the prosecutor would be informed of any assistance appellant gave the agents in the case, which is the same thing the agents tell every drug suspect. Appellant contends he was promised a hope of benefit, and therefore, his statement was not voluntary. We do not agree.

Our appellate courts have held that agreeing to tell the trial judge of the defendant's cooperation if he confesses does not constitute the "hope of benefit" contemplated by OCGA § 24-3-50. *Presnell v. State*, 241 Ga. 49, 55 (5) (243 SE2d 496) (1978); *Rounds v. State*, 166 Ga. App. 212, 213 (2) (303 SE2d 543) (1983). We see no distinc-

tion between agreeing to tell a judge of a defendant's cooperation and agreeing to tell a prosecutor of such cooperation. Although there is a conflict in the testimony as to what the agent told appellant, factual and credibility determinations as to voluntariness of a confession are normally made at a suppression hearing and must be accepted by appellate courts unless such determinations are clearly erroneous. *Thomas v. State*, 174 Ga. App. 761, 762 (2) (331 SE2d 627) (1985). We find no error here.

3. Appellant contends the evidence is not sufficient to support the verdict. The evidence disclosed that two undercover agents, acting on information from a confidential informant, met Earl Seames and appellant at the Columbus airport after they deplaned from a flight from Atlanta. Appellant was carrying a magazine with two sheets of paper inside it that contained 2,000 "pyramids" of LSD. The four men went to a van in the parking lot where one of the agents showed appellant $2,500 in cash, the amount to be paid for the LSD. Appellant said he did not need to count the money, and he and one of the agents got in a van. Appellant took the two sheets of LSD out of the magazine and gave them to the agent. The agent then gave a prearranged signal and appellant and Seames were taken into custody. A chemical analysis established that the two sheets of paper contained 2,000 "pyramids" of LSD, a controlled substance. We find this evidence sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

4. Appellant contends the trial court made prejudicial comments on the evidence which invaded the province of the jury and denied him the right to a fair trial. Without detailing each statement complained of, one statement was made in explaining Georgia procedure to appellant's lead counsel, an attorney from Texas, and another statement was made during a *Jackson-Denno* hearing outside the presence of the jury. Other remarks complained of were made in ruling on objections during trial and during closing argument. Remarks of a judge assigning a reason for his ruling are neither an expression of opinion nor a comment on the evidence. *Colsson v. State*, 177 Ga. App. 840, 842 (4) (341 SE2d 318) (1986). Hence, this enumeration of error is without merit.

*Judgment affirmed. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED JUNE 24, 1986.

*Brace W. Luquire*, for appellant.
· *William J. Smith, District Attorney, Tasca Badcock, Assistant District Attorney*, for appellee.