A89A0139. McGEE v. THE STATE.
A89A0266. CLYDE v. THE STATE.
(381 SE2d 80)

BANKE, Presiding Judge.

Based on events which occurred during the early morning hours of October 4, 1987, the appellants were jointly indicted, tried, and convicted of selling cocaine in violation of the Controlled Substances Act. They were also found guilty on charges of unlawful possession of cocaine on the basis of these same events, but those convictions were merged with the sale convictions during sentencing. Appellant McGee was additionally tried and convicted on a separate cocaine possession charge arising from an incident which took place on December 29, 1987. Also, each appellant was charged, in connection with the Octo-

ber 4 incident, with possession of a firearm by a convicted felon, possession of a firearm during the commission of a felony, and criminal use of an article with an altered identification mark; however, the charges of possession of a firearm by a convicted felon were nolle prossed, and the appellants were found not guilty on the remaining charges. They appeal separately. *Held:*

1. Appellant Clyde contends that there was no evidence to support a finding that he, as opposed to appellant McGee, was involved in selling the cocaine. We disagree. It was shown that Clyde was serving as an armed doorman at McGee's residence while cocaine was being openly sold there. A rational trier of fact could reasonably have concluded beyond a reasonable doubt from this evidence that Clyde was intentionally aiding and abetting in the sale of the cocaine and was thus a party to the offense within the contemplation of OCGA § 16-2-20.

2. Appellant McGee contends that evidence seized during the execution of a warrant for the search of the residence should have been suppressed because the warrant "bore an incorrect and otherwise insufficient description of the property" and because, although the house was leased in his name, the warrant did not identify him by name but instead named only co-defendant Clyde. This enumeration of error is without merit. The residence was correctly identified by its address, and any discrepancies which may have existed between its actual appearance and its physical description as set forth in the warrant were minor. "The total description could refer only to one residence and permitted a prudent officer to locate the place definitely and with reasonable certainty. [Cits.]" *Martin v. State*, 165 Ga. App. 802 (1), 803 (302 SE2d 717) (1983). The fact that the warrant named Clyde but not McGee was wholly immaterial under the circumstances. See *Bing v. State*, 178 Ga. App. 288 (1), 289 (342 SE2d 762) (1986).

3. The trial court did not err in denying appellant McGee's motion to sever the charges against him arising from the events which took place on October 4, 1987, from the charge arising from the events which occurred on December 29, 1987. The arrests occurred in the same neighborhood within three months of each other, the appellant was charged in both instances with possessing and/or distributing cocaine, and the cocaine which was seized was on each occasion packaged in the same distinctive manner. Thus, there was sufficient similarity between the offenses that, even had the appellant been tried for them separately, proof of the one would have been admissible in the trial of the other to establish identity, motive, plan, scheme, bent of mind, or course of conduct. See *State v. Johnson*, 246 Ga. 654 (1) (272 SE2d 321) (1980). Under such circumstances, the trial court does not abuse its discretion in refusing to grant a severance. See *Davis v. State*, 158 Ga. App. 549 (1) (281 SE2d 305) (1981).

4. Appellant McGee further enumerates as error the trial court's refusal to sever his trial from co-defendant Clyde's, contending that a joint trial prevented him from securing testimony from Clyde which would have been favorable to him. This enumeration of error is also without merit. Clyde's testimony would no more have been compellable at a separate trial than at a joint trial. Moreover, even had he chosen to submit himself to questioning at a separate trial, there is nothing to suggest that his testimony would have been favorable to McGee. Indeed, given the nature of Clyde's sole enumeration of error on appeal (see Division 1, supra), it is reasonable to assume that if he had testified, his testimony would have been unfavorable to McGee.

"The grant or denial of a motion for severance lies within the sound discretion of the trial court and its ruling will not be reversed absent clear abuse of such discretion. To warrant a severance, the defendants must show the probability of prejudice and may not present just argument that there is a better probability a separate trial would give them a better chance of acquittal. To obtain a new trial at the appellate level they must show actual prejudice and denial of due process." *Stevens v. State*, 165 Ga. App. 814, 816 (302 SE2d 724) (1983). No such showing has been made in this case.

5. Finally, appellant McGee contends that he should be granted a new trial on the ground that "one of his trial attorney's (sic) was ineffective in his defense. . . ." This enumeration of error is deemed abandoned pursuant to Rule 15 (c) (2) of this court, due to the appellant's failure to provide any argument or citation of authority in support of it.

*Judgments affirmed. Sognier and Pope, JJ., concur.*

DECIDED MARCH 9, 1989 —
REHEARING DISMISSED MARCH 30, 1989.

*P. Dewey Gill*, for appellant (case no. A89A0139).

*J. Kevin Davis, Carl J. Wilson*, for appellant (case no. A89A0266).

*Willis B. Sparks, District Attorney, Vernon R. Beinke, Thomas J. Matthews, Assistant District Attorneys*, for appellee.