A95A0532. WHITFIELD v. THE STATE.
(457 SE2d 682)

McMURRAY, Presiding Judge.

Defendant Alphones Whitfield, a/k/a Timothy Whitfield, a/k/a Chester Williams was jointly indicted with Jacqueline Herndon and charged with the sale of cocaine within 1,000 feet of a housing project, possession of cocaine with intent to distribute within 1,000 feet of a housing project, and possession of marijuana with intent to distribute within 1,000 feet of a housing project. The evidence adduced at his jury trial showed that on December 9, 1992, Special Agent Woodrow Boyd of the Georgia Bureau of Investigation (GBI) was led by a confidential informant to Apartment 15 in the Magnolia Acres Housing Project ("Magnolia Acres"). This housing development is "part of the [subsidized housing provided by the] Waynesboro Housing Authority Development." There, he met defendant, who was employing the alias Chester Williams. The co-indictee Jacqueline Herndon also was present and was identified under the alias Helen Williams. The defendant was living in Apartment 15 with his co-indictee and her child. Special Agent Boyd made a controlled buy of cocaine from defendant, paying him $1,140 in exchange for 25 grams of suspected crack cocaine. Special Agent Boyd expressly identified defendant as the person (Chester Williams) from whom Boyd had purchased cocaine, and who was subsequently identified as Timothy Whitfield.

On June 11, 1993, Special Agent Michael J. Seigler of the GBI led a party of ten or eleven officers to execute a search warrant for

Apartment 15 at Magnolia Acres. The officers interrupted a dice game in progress in the kitchen. Defendant was in the master bedroom with two or three other persons. There, Special Agent Seigler recovered from the toilet bowl "[t]wo small bags, one containing a white rock-like material and the other containing a plastic package with a green residue which was suspected marijuana." Defendant had $780 in his pockets. "A razor blade containing a white residue on the forward cutting edge of the blade was found on the dresser. . . ." In addition, marijuana packets were found in the kitchen sink; two packets of suspected marijuana were found on the bathroom floor; a crack pipe was found on the living room floor; $292 in currency was found on one of the persons with defendant in the bedroom; a scanner was taken from the hall closet; a pager was found on the kitchen floor; and a purse in the bedroom contained marijuana. Some of the suspected marijuana was packaged in manila coin envelopes, while other packets were individually wrapped in clear plastic wrap.

The jury found him guilty on all three counts. His motion for new trial was denied and this appeal followed. *Held*:

1. Defendant enumerates the denial of his motion to sever the offenses for trial, arguing that the offenses are not sufficiently similar that each "designates [defendant] as the common denominator."

"*Dingler v. State*, 233 Ga. 462 (211 SE2d 752) (1975) . . . holds that where multiple offenses have been joined [for trial] solely on the ground that they are of the same or similar character, the defendant has an absolute right to a severance of the offenses." *Terry v. State*, 259 Ga. 165, 167 (1), 168 (377 SE2d 837). "Where, however, . . . joinder is based on [the same conduct or on] a series of acts connected together [and evince ongoing criminality], severance lies within the sound discretion of the trial court. *Coats v. State*, 234 Ga. 659, 662 [(4)] (217 SE2d 260) (1975); *Dingler v. State*, 233 Ga. 462, 464[, supra]." *Bland v. State*, 264 Ga. 610 (2), 611 (449 SE2d 116). "Offenses are not joined *solely* because they are of the same or similar character where the similarity reaches the level of a pattern evincing a common motive, plan, scheme or bent of mind. *Cooper v. State*, [253 Ga. 736, 737 (3) (325 SE2d 137)]." (Emphasis in original.) *Wilson v. State*, 188 Ga. App. 779, 780 (1) (374 SE2d 325). In the case sub judice, "[a]lthough the two events were separated in time, the facts show a continuing course of criminal conduct . . . that is, [defendant's] activities in supplying cocaine for each transaction. Accordingly, denial of the motion to sever [the offenses] was not an abuse of the trial court's discretion. [Cits.]" *Villarreal v. State*, 198 Ga. App. 501, 502 (402 SE2d 104). See also *McGee v. State*, 191 Ga. App. 172, 173 (3) (381 SE2d 80); *Thomas v. State*, 174 Ga. App. 761 (1) (331 SE2d 627).

2. Next, defendant contends the trial court erred in admitting the

physical evidence of the December 9, 1992, sale of 25 grams of rock cocaine over his chain of custody objection. He argues that there were "dramatically divergent accounts of which Crime Lab was the initial recipient . . ." of this evidence. Defendant points to a transcription error made by the lead investigator, Special Agent Seigler, who wrote down that the evidence was from Apartment *16* in Magnolia Acres; whereas, Special Agent Boyd testified that the sale was consummated in Apartment *15*, as he wrote on the evidence transferral sheet. Also, defendant relies on the testimony of Dr. Fowler, Director of the Augusta branch of the State Crime Laboratory. Dr. Fowler contradicted Special Agent Seigler's recollection that he turned the evidence in at the Savannah, Georgia, branch of the State Crime Laboratory as opposed to the Augusta, Georgia, branch. Dr. Fowler affirmed that in "December 1992 we were a little shorthanded on chemists in Augusta" and that the suspected cocaine in State's Exhibit 1 was forwarded to Patrick Long in Savannah for chemical analysis. There is no contention that the evidence bag itself physically appears to have been tampered with.

It is obvious that one of the two witnesses has faulty recollection as to precisely which branch of the State Crime Laboratory first received State's Exhibit 1, the tamper-resistant plastic bag containing the suspected cocaine received by Special Agent Boyd directly from defendant. However, the noted discrepancy does not amount to evidence of tampering so as to cast any doubt on the unbroken chain of custody. See *Richards v. State*, 189 Ga. App. 146 (1), 147 (375 SE2d 278). In view of the evidence as to the tamper-resistant nature of the containers used and of the procedures employed to protect the chain of custody, and further, in the absence of any physical manifestation of tampering or substitution, the circumstances relied upon by defendant admit of only bare speculation of tampering. Accordingly, the trial court correctly admitted the cocaine into evidence over defendant's chain of custody objection. *Brinson v. State*, 208 Ga. App. 556, 557 (2) (430 SE2d 875). Defendant's additional argument that there is a material variance in the weight of this exhibit, "varying several grams from the point of sale to the point of analysis . . ." is raised for the first time on appeal and consequently presents nothing for review. Moreover, Patrick Long explained that he weighed the cocaine "exclusive of any packaging[,]" thereby explaining the apparent discrepancy. *Langham v. State*, 196 Ga. App. 71 (1), 72 (395 SE2d 345). This enumeration is without merit.

3. In defendant's third enumeration, he contends the trial court erred in denying his motion for directed verdict of acquittal, as to the second and third counts of the indictment. He argues that the undisputed circumstance that the apartment was filled with people is evidence of equal access, which renders the evidence of his possession

insufficient to sustain the convictions.

Defendant lived in the apartment with the named lessee, Jacqueline Herndon, and her child. The amount of cash found on defendant's person is further circumstantial evidence that the contraband found abandoned in the toilet belonged to defendant rather than any of the other three present in the back bedroom. Defendant's earlier hand-to-hand sale of cocaine was some evidence of an ongoing scheme to distribute narcotics.

" ' "[A] finding of constructive possession must be based upon some connection between the defendant and the contraband other than spatial proximity. Evidence of mere presence at the scene of the crime, and nothing more to show participation of a defendant in the illegal act, is insufficient to support a conviction." (Cit.)' *Whipple v. State*, 207 Ga. App. 131, 132 (1) (427 SE2d 101) (1993)." *Reid v. State*, 212 Ga. App. 787, 788 (442 SE2d 852). "The evidence [in the case sub judice] authorized the jury to conclude [defendant] was in joint possession of the premises with [his co-indictee, who was the named lessee]." *Cantrell v. State*, 204 Ga. App. 330, 331 (419 SE2d 141). This is circumstantial evidence that defendant, as opposed to any social guest, possessed the contraband packaged for distribution. "A rebuttable presumption arises when one leases a room, and contraband is found therein, that the lessee is in possession of the entire premises and all the property found on the premises. This presumption may be overcome by evidence that others have access to the premises. Whether this presumption is rebutted is solely a jury question. *Knighton v. State*, 248 Ga. 199[, 200 (2), fn. 1] (282 SE2d 102) (1981)." *Taylor v. State*, 195 Ga. App. 651, 652 (394 SE2d 604). In the case sub judice, corroborating this inference of possession is the proof of defendant's prior sale at this same residence and the large amount of cash found upon his person; whereas, the others present held substantial but smaller sums. The evidence, although circumstantial, is sufficient to authorize the jury's verdict that defendant is guilty, beyond a reasonable doubt, of possessing cocaine and marijuana with the intent to distribute, within 1,000 feet of a public housing project, as alleged in the indictment. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Taylor v. State*, 195 Ga. App. 651, 652, supra. See also *Sims v. State*, 213 Ga. App. 151, 153 (3) (444 SE2d 121), where the " 'manner of packaging being commonly associated with the sale or distribution of such contraband would authorize any rational trier of fact to infer that ([defendant]) possessed cocaine with intent to distribute. (Cit.) . . .' *Williams v. State*, 199 Ga. App. 544 (1) (405 SE2d 539)." Consequently, the trial court did not err in denying defendant's motion for directed verdict of acquittal. *Humphrey v. State*, 252 Ga. 525, 526 (1), 527 (314 SE2d 436).

*Judgment affirmed. Andrews and Blackburn, JJ., concur.*

DECIDED MAY 8, 1995.

*Peter D. Johnson,* for appellant.
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney,* for appellee.